### KING *v.* KING.

HEAD, Justice. While the evidence for the plaintiff in error was uncontroverted, it was not of such a nature as to require the judge to find that the plaintiff in error was unable to comply with the order awarding temporary alimony for his wife and eight minor children. The affidavits introduced, which constituted the only evidence to support his answer, gave mere conclusions of the affiants that the plaintiff in error was financially unable to make the alimony payment due. No statement was made therein of the amount of wages that he received and the necessary expenses incurred by him. There was no evidence that

he was incapacitated for work, or that there had been any change in his ability to make the alimony payments in the period (less than two months) since the date of the order awarding alimony. While it is argued by counsel for the plaintiff in error that the wife has been amply provided for, temporarily, by the personal property mentioned in the affidavits, there is no evidence to authorize this conclusion, or to show that the personal property was accepted in lieu of alimony payments.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

No. 16699. JULY 12, 1949. REHEARING DENIED JULY 27, 1949.

*H. Alonzo Woods,* for plaintiff in error.
*Price & Spivey,* contra.